## IN THE UNITED STATES DISTRICT COURT FOR THE
## WESTERN DISTRICT OF MISSOURI
## CENTRAL DIVISION

**UNITED STATES OF AMERICA**                    Case No.:  **2:12-cr-04026-FJG-1**

**-vs-**                                        **USM Number:  24143-045**

**MATTHEW WHITE**                               Troy K. Stabenow, AFPD
221 Bolivar St., Suite 104
Jefferson City, MO  65101

### JUDGMENT IN A CRIMINAL CASE

The defendant pleaded guilty to Counts 1 thru 5 of the Indictment on 12/18/12. Accordingly, the court has adjudicated that the defendant is guilty of the following offense(s):

| Title & Section | Nature of Offense | Date Offense Concluded | Count Number(s) |
|---|---|---|---|
| 21 U.S.C. 841(a)(1) & (b)(1)(C) | Possession with Intent to Distribute Heroin | 02/23/12 | 1 |
| 21 U.S.C. 841(a)(1) & (b)(1)(C) | Distribution of Heroin | 02/13/12 | 2 |
| 21 U.S.C. 841(a)(1) & (b)(1)(C) | Distribution of Heroin | 02/15/12 | 3 |
| 18 U.S.C. 922(g)(1) & (a)(2) | Felon in Possession of a Firearm | 02/23/12 | 4 |
| 18 U.S.C. 924(c)(1)(A) & (ii) | Use of a Firearm in Relation to a Drug Trafficking Crime | 02/23/12 | 5 |

The defendant is sentenced as provided in the following pages of this judgment.  The sentence is imposed pursuant to the Sentencing Reform Act of 1984.

**IT IS ORDERED** that the defendant shall notify the United States attorney for this district within 30 days of any change of name, residence, or mailing address until all fines, restitution, costs and special assessments imposed by this judgment are fully paid.  If ordered to pay restitution, the defendant shall notify the court and United States attorney of any material change in the defendant's economic circumstances.

Date of Imposition of Sentence:     08/26/2013

 */s/ Fernando J. Gaitan, Jr.*
FERNANDO J. GAITAN, JR.
CHIEF UNITED STATES DISTRICT JUDGE

September 6, 2013

## IMPRISONMENT

The defendant is hereby committed to the custody of the United States Bureau of Prisons to be imprisoned for a total term of **120 Months.**
**Counts 1 thru 4 – 60 months, each count, concurrent; Count 5 – 60 months, consecutive to Counts 1 thru 4.**

The Court recommends to the Bureau of Prisons:

Defendant be allowed to participate in the 500-hour intensive residential drug abuse treatment program while incarcerated and that he serve the period of incarceration as close to Arkansas as possible.

The defendant is remanded to the custody of the United States Marshal.

## RETURN

I have executed this judgment as follows:

_____

_____

_____

_____

Defendant delivered on _____ to _____

at _____, with a certified copy of this judgment.

_____
UNITED STATES MARSHAL

By:_____
Deputy U.S. Marshal

## SUPERVISED RELEASE

Upon release from imprisonment, the defendant shall be on supervised release for a term of **5 Years.**

**Counts 1, 2, 3, & 5 – 5 years, each count, concurrent; Count 4 – 3 years; all terms to run concurrent.**

The defendant shall report to the probation office in the district to which the defendant is released within 72 hours of release from custody of the Bureau of Prisons.

The defendant shall not commit another federal, state or local crime.

The defendant shall not unlawfully possess a controlled substance.   The defendant shall refrain from any unlawful use of a controlled substance.  The defendant shall submit to one drug test within 15 days of release from imprisonment and at least two periodic drug tests thereafter, as determined by the court.

The defendant shall not possess a firearm, destructive device, or any other dangerous weapon.

The defendant shall cooperate in the collection of DNA as directed by the probation officer.

If this judgment imposes a fine or restitution, it is a condition of supervision that the defendant pay in accordance with the Schedule of Payments sheet of this judgment.

The defendant must comply with the standard conditions that have been adopted by this court as well as with any additional conditions on the attached page.

## STANDARD CONDITIONS OF SUPERVISION

1.  The defendant shall not leave the judicial district without the permission of the court or probation officer;

2.  The defendant shall report to the probation officer in a manner and frequency directed by the court or probation officer;

3.  The defendant shall answer truthfully all inquiries by the probation officer and follow the instructions of the probation officer;

4.  The defendant shall support his or her dependents and meet other family responsibilities;

5.  The defendant shall work regularly at a lawful occupation, unless excused by the probation officer for schooling, training, or other acceptable reasons;

6.  The defendant shall notify the probation officer **at least ten (10) days prior** to any change in residence or employment;

7.  The defendant shall refrain from excessive use of alcohol and shall not purchase, possess, use, distribute, or administer any controlled substance or any paraphernalia related to any controlled substances, except as prescribed by a physician;

8.  The defendant shall not frequent places where controlled substances are illegally sold, used, distributed, or administered;

9.  The defendant shall not associate with any persons engaged in criminal activity and shall not associate with any person convicted of a felony, unless granted permission to do so by the probation officer;

10. The defendant shall permit a probation officer to visit him or her at any time at home or elsewhere and shall permit confiscation of any contraband observed in plain view by the probation officer;

AO 245B (Rev. 9/08-2/10) Judgment in a Criminal Case

11. The defendant shall notify the probation officer within **seventy-two (72) hours** of being arrested or questioned by a law enforcement officer;

12. The defendant shall not enter into any agreement to act as an informer or a special agent of a law enforcement agency without the permission of the court;

13. As directed by the probation officer, the defendant shall notify third parties of risks that may be occasioned by the defendant's criminal record or personal history or characteristics, and shall permit the probation officer to make such notifications and to confirm the defendant's compliance with such notification requirement.

## ADDITIONAL CONDITIONS OF SUPERVISED RELEASE

The defendant shall also comply with the following additional conditions of supervised release:

1. The defendant shall successfully participate in a substance abuse counseling program, which may include urinalysis, sweat patch, or Breathalyzer testing, as approved by the Probation Office, and pay any associated costs as directed by the Probation Office.

2. The defendant shall satisfy all warrants and/or pending charges within the first 30 days of supervised release.

3. The defendant shall submit his person, and any property, house, residence, office, vehicle, papers, computer, other electronic communication or data storage devices or media and effects to a search, conducted by a U.S. Probation Officer at a reasonable time and in a reasonable manner, based upon reasonable suspicion of contraband or evidence of a violation of a condition of release;  failure to submit to a search may be grounds for revocation; the defendant shall warn any other residents that the premises may be subject to searches pursuant to this condition.

4. The defendant shall comply with the Western District of Missouri Offender Employment Guideline which may include participation in training, counseling, and/or daily job searching as directed by the probation officer.  If not in compliance with the condition of supervision requiring full-time employment at a lawful occupation, the defendant may be required to perform up to 20 hours of community service per week until employed, as approved or directed by the probation officer.

## ACKNOWLEDGMENT OF CONDITIONS

I have read or have read the conditions of supervision set forth in this judgment and I fully understand them.  I have been provided a copy of them.

I understand that upon finding of a violation of probation or supervised release, the Court may (1) revoke supervision, (2) extend the term of supervision, and/or (3) modify the conditions of supervision.


_____        _____
Defendant                                                             Date


_____        _____
United States Probation Officer                              Date

## CRIMINAL MONETARY PENALTIES

The defendant must pay the total criminal monetary penalties under the schedule of payments set forth in the Schedule of Payments.

| Total Assessment | Total Fine | Total Restitution |
|:---:|:---:|:---:|
| **$500.00** | **Waived** | **N/A** |

The defendant shall pay interest on any fine or restitution of more than $2,500, unless the fine or restitution is paid in full before the fifteenth day after the date of the judgment, pursuant to 18 U.S.C. § 3612(f).  All of the payment options on the Schedule of Payments may be subject to penalties for delinquency and default, pursuant to 18 U.S.C. § 3612(g).

Note:  Findings for the total amount of losses are required under Chapters 109A, 110, 110A, and 113A of Title 18, United States Code, for offenses committed on or after September 13, 1994 but before April 23, 1996.

## SCHEDULE OF PAYMENTS

Having assessed the defendant's ability to pay, payment of the total criminal monetary penalties shall be due as follows:

Lump sum payment of **$500.00** due immediately.

Unless the court has expressly ordered otherwise, if this judgment imposes imprisonment, payment of criminal monetary penalties is due during imprisonment.  All criminal monetary penalties, except those payments made through the Federal Bureau of Prisons' Inmate Financial Responsibility Program, are made to the clerk of the court. The Defendant shall receive credit for all payments previously made toward any criminal monetary penalties imposed.